IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ALMA CEBALLOS

    Plaintiff,

v.

ARIZONA AUTOMOBILE INSURANCE COMPANY

    Defendant.

## NOTICE OF REMOVAL

The Defendant, Defendant Arizona Automobile Insurance Company ("Arizona"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states as follows:

1. On June 20, 2018, the CT Corporation, as registered agent for Arizona, was served with Plaintiff's Complaint filed in the District Court, Denver County, State of Colorado, captioned, *Alma Ceballos v. Arizona Automobile Insurance Company*, case number 2018CV032272. See, *Complaint*, attached hereto as **Exhibit A**.

2. Plaintiff, Alma Ceballos (hereinafter "Ceballos"), filed her Complaint in Denver County District Court on or about June 18, 2018.

3. At all relevant times, Ceballos was a citizen of the State of Colorado. **Exhibit A**, ¶ 2.

4. A copy of the Summons and Civil Case Cover Sheet served on Arizona are attached hereto as **Exhibit B** and **Exhibit C**.

5. At all relevant times, Arizona was a foreign corporation, incorporated in, and with its principal place of business in the State of Arizona. Arizona is now and was at all relevant times a citizen of the State of Arizona for purposes of diversity jurisdiction.

6. The underlying event for this case is a motor vehicle accident involving Ceballos on June 18, 2016. See **Exhibit A,** ¶ 6; hereinafter "the Accident".

7. Ceballos claims that she was negligent in causing the accident, and she is entitled to protection under an insurance policy issued by Arizona. **Exhibit A**, ¶¶ 11-26.

8. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

9. Here, Plaintiff's Complaint alleges damages of at least $8,983.20. **Exhibit A**, ¶ 24. Additionally, Plaintiff asserts she is entitled to compensation for other damages, including pain and suffering, loss of enjoyment of life, and disability, pursuant to underinsured motorist coverage. **Exhibit A**, ¶ 34.

10. The Arizona policy in questions had limits of $25,000/$50,000 per person/per occurrence.

11. Arizona rescinded the subject policy due to fraud and misrepresentation in the application.

12. In her Complaint, in addition to her claimed injuries and damages set forth above, Ceballos also seeks expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, and post-judgment interest at the requisite rate. **Exhibit A**, "Wherefore Clause," p. 4.

13. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves her damages are equal to or exceed the $25,000 policy limits, proves she is entitled to benefits under the policy, and proves those benefits were unreasonably delayed and denied, she is entitled to collect the policy limits of $25,000, plus two times the covered benefit, equaling a total of $75,000. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis may meet the jurisdiction threshold on its own.

14. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

15. Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. **Exhibit C**, District Court Civil Case Cover Sheet. The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016)

("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."); *see also Kuzava v. United Fire & Cas. Co.*, 2018 WL 1152266, at *4 (D. Colo. Mar. 5, 2018) ("There is no dispute that Defendant satisfied this initial burden based on Plaintiffs' Amended Complaint and civil cover sheet, both of which indicated that the amount in controversy well exceeded the $75,000 requirement.")

16. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

17. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

18. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

19. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

20. Since Plaintiff's Complaint was served on June 20, 2018, the time period for allowance of removal has not expired. The Return of Service is attached as **Exhibit D**.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Denver County District Court to the United States District Court of Colorado.

DATED: July 11, 2018

Respectfully submitted,

By: *s/ Justin H. Zouski*
Justin H. Zouski
Winslow R. Taylor
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: jhz@tucker-holmes.com
wrt@tucker-holmes.com
*Attorneys for Defendant Arizona Automobile Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jennifer Torres
DezaRae D. LaCrue, Esq.
Franklin D. Azar & Associates, P.C.
14426 E. Evans Avenue
Aurora, CO 80014
torresj@fdazar.com
lacrued@fdazar.com

> *The duly signed original held in the file located at Tucker Holmes, P.C.*
>
> */s/ Cheryll A. Paull*
> Cheryll A. Paull, Legal Assistant