| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER COLORADO <br> Court Address: City and County Building <br> 1437 Bannock Street <br> Denver, CO 80202 | DATE FILED: June 18, 2018 7:17 PM <br> FILING ID: D7AE42F1C9085 <br> CASE NUMBER: 2018CV32272 |
| Plaintiff: Alma Ceballos <br><br> v. <br><br> Defendant: Arizona Automobile Insurance Company. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff: <br> Jennifer Torres, #48842 <br> DezaRae D. LaCrue, #40290 <br> Franklin D. Azar & Associates, P.C. <br> 14426 East Evans Avenue <br> Aurora, CO 80014 <br> Phone Number: (303) 757-3300 <br> Fax Number:    (303) 757-3206 <br> E-Mail: torresj@fdazar.com <br>             lacrued@fdazar.com | Case Number: <br><br> Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Alma Ceballos, by and through her attorneys, Franklin D. Azar and Associates, P.C., Jennifer Torres and DezaRae D. LaCrue, for her Complaint against the Defendant, states and alleges as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred in Denver on June 18, 2016

2. Plaintiff Alma Ceballos is an individual and resident of the State of Colorado.

3. Defendant Arizona Automobile Insurance Company ("Defendant") is a corporation doing business in the State of Colorado, with its registered agent listed as The Corporation Company located on 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

4. Venue is proper in the City and County of Denver pursuant to C.R.C.P. 98(c)(1).

5. This Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124.

## II. GENERAL ALLEGATIONS

6. The automobile collision that is the subject of this complaint occurred on June 18, 2016, at 12:39 pm.
7. Ms. Ceballos was driving a 2004 Infiniti G35.
8. The 2004 Infiniti G35 was insured by Defendant.
9. The named insured on the policy was Maria Ceballos.
10. Ms. Ceballos, a permissive driver, was traveling southwest on Morrison Road.
11. Ms. Ceballos failed to merge safely and struck Estela Torrez.
12. Ms. Ceballos was negligent at the time of the collision.
13. On June 18, 2016, Ms. Ceballos reported the incident to Defendant.
14. On August 22, 2016, Defendant requested a copy of Ms. Ceballos' driver's license.
15. Ms. Ceballos provided her driver's license to Defendant.
16. On September 2, 2016, Defendant sent a letter that they were denying payment for the property damage of Ms. Estela Torrez.
17. On September 2, 2016, Defendant sent another letter that the policy was rescinded due to misrepresentation because Ms. Ceballos was not disclosed on the application.
18. Ms. Maria Ceballos was never asked about which family members were in her household.
19. On September 6, 2016, Farmers, Ms. Torrez' insurance company, demanded subrogation for Ms. Torrez' property damage claim of $8,983.20.
20. Farmers stated that if they did not receive payment they would forward this matter to a collection agency or an attorney.
21. On October 11, 2016, Ms. Ceballos requested Defendant provide insurance coverage for the crash as she was a permissive driver.
22. On October 11, 2016, and October 31, 2016, Defendant reiterated that they are denying coverage and did not give any further information.
23. The Defendant did not respond to this correspondence to Ms. Ceballos' request for insurance coverage as a permissive driver.
24. Recovery Partners, on behalf of Farmers, has begun pursuing Ms. Ceballos for subrogation for the property damage claim of $8,983.20
25. The Defendant had a duty to promptly investigate the permissive user claims presented by Ms. Ceballos.

26. The Defendant had an obligation to protect Ms. Ceballos from property damage claims when there was coverage.

27. The Defendant has delayed and/or denied payment of the benefits owed to Farmers and exposed Ms. Ceballos to personal responsibility for the crash.

28. The Defendant has not provided a reasonable basis for the delay and/or denial of protection for Ms. Ceballos.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

29. Plaintiff incorporates all prior allegations as though fully set forth herein.

30. Sometime prior to the collision, Ms. Maria Ceballos entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving liability claims.

31. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

32. Ms. Maria Ceballos and Ms. Alma Ceballos advised Defendant of a claim of liability for the property damage in this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

33. Ms. Ceballos is an intended beneficiary of Defendant's policy/contract and is therefore entitled to enforce its terms.

34. Ms. Ceballos is entitled to be compensated by Defendant for all damages she has incurred, including pain, suffering, and loss of enjoyment of life, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

### SECOND CLAIM FOR RELIEF
### (FIRST PARTY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

35. Plaintiff incorporate all prior allegations as though fully set forth herein.

36. Defendant has denied and delayed payment of liability benefits and has exposed Ms. Ceballos to personal responsibility without a reasonable basis for its action.

37. Defendant's unreasonable position and conduct has caused Ms. Ceballos damage by exposing Ms. Ceballos to personally pay damages that should have been paid by Defendant.

38. In accordance with C.R.S. §10-3-1116, Ms. Ceballos is entitled to recover from Defendant two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## **THIRD CLAIM FOR RELIEF**
### (BAD FAITH)

39. Plaintiff incorporate all prior allegations as though fully set forth herein.

40. Defendant owed Ms. Ceballos a duty to act in good faith in reviewing, adjusting and settling her claims.

41. The Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling this Plaintiff to institute litigation to recover amounts Farmers is demanding from her for the property damage claim that should have been afforded Plaintiff under the insurance policy;
    (b) Favoring the interests of the Defendant, an insurer, over those of the Plaintiff, an insured, to whom the Defendant owes fiduciary and statutory duties;
    (c) Failing or delaying payment of property damage to the other driver, resulting in Plaintiff's personal exposure;
    (d) Failing to provide copies of the policy of insurance in a timely manner when requested; and,
    (e) Incompetently evaluating Plaintiff's claim.

42. The Defendant's actions are unreasonable.

43. The Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

44. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;
    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant and being pursued by attorneys for these damages; and
    c. Being deprived of the use of funds to pay the property damage claim.

WHEREFORE, Plaintiff pray for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted June 18, 2018,

                                   FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                   By: */s/ Jennifer Torres*
                                   Jennifer Torres, #48842
                                   DezaRae D. LaCrue, #40290
                                   ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**1370 Osecola Street**
**Denver, CO 80204**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*